■ CLAIRE LOLIK, Respondent, v BIG V SUPERMARKETS, INC., Doing Business as SHOPRITE, Appellant. [667 NYS2d 992] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 20, 1997 in Schenectady County, which granted plaintiff's motion to set aside a verdict and granted a new trial on the issue of future damages.

The underlying facts of this case have previously been reviewed by us (210 AD2d 703, *revd* 86 NY2d 744). Upon this second trial on the issue of causation and future damages, plaintiff, Patrick Albano (plaintiff's treating orthopedic surgeon) and Marie Pelletier (plaintiff's neighbor) all testified on plaintiff's behalf whereas an orthopedic surgeon, William Bronk, testified for defendant concerning his examination of plaintiff before the first trial. The jury found that the slip and fall in defendant's supermarket was not a substantial factor in causing plaintiff's injuries, prompting plaintiff to move to set aside the verdict. Upon Supreme Court's granting of plaintiff's motion and its order for a new trial on the issue of future damages, this appeal ensued.

In assessing whether the Supreme Court properly set aside the jury's verdict upon its determination that " ' "the evidence

so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875, quoting *O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439), we find no error.

Albano testified that the continuing pain in both of plaintiff's knees was the result of an aggravation of a preexisting condition which became symptomatic as a result of the fall and that such aggravation was permanent. Bronk testified that his examination of plaintiff in 1992 revealed a bowing in her legs, a grating sensation in her knees and a limited range of motion. Yet, he testified that her X rays revealed the presence of osteoarthritis which had not changed in intensity from 1985 to 1990. Finally, although he testified that plaintiff developed pain in her knees as a result of the fall in 1985 and that it was permanent, he opined that due to her longstanding arthritic condition in several areas of her body, it was "[v]ery likely"* that her preexisting arthritic condition in her knees would have become symptomatic even without the fall.

Upon our review, we find that since it was undisputed that the accident was the competent producing cause of plaintiff's previously asymptomatic arthritic condition in her knees to become symptomatic and that such condition was permanent, Supreme Court's exercise of its discretion in the setting aside of the jury's verdict and the granting of a new trial on the issue of the future damages was, in all respects, proper under the controlling standard (*see, Lolik v Big V Supermarkets, supra*).

Having further reviewed, and dismissed without merit, defendant's remaining contention that deference should be accorded to the second consistent jury verdict, the order of Supreme Court is hereby affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Bronk previously testified that the chances were "pretty good" that the arthritis in her knees would have caused her problems even if the accident did not happen.