■ KAREN STORER, Respondent, v THOMAS ROSELLE, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: A verdict should not be set aside if it "is one [that] reasonable persons could have rendered after receiving conflicting evidence" (Petrovski v Fornes, 125 AD2d 972, 973, lv denied 69 NY2d 608). There was conflicting testimony at trial with respect to the crucial issue of responsibility for plaintiff's failure to continue medical treatment. A reasonable person could have found, as the jury did, that at some point defendant, a chiropractor, endeavored to persuade plaintiff to resume medical treatment. There is sufficient credible evidence in the record to support the jury's apportionment of 90% fault on the part of the plaintiff for being aware of the consequences of discontinuing medical therapy and disregarding them, and of 10% fault on the part of the defendant for not discontinuing his chiropractic care when plaintiff's condition had dangerously deteriorated and it became clear that she required medical care. It was, therefore, error for Supreme Court to set aside the jury's verdict with respect to liability (see, Monahan v Comenale, 124 AD2d 1031; Kuncio v Millard Fillmore Hosp., 117 AD2d 975, lv denied 68 NY2d 608) and that verdict is reinstated.

Supreme Court correctly ordered, however, a new trial with respect to damages. The jury's total award of $25,000 "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Plaintiff's deteriorated condition required

that she be hospitalized for 40 days, culminating in a total proctocolectomy with a permanent ileostomy. The evidence established undisputed medical expenses of $14,482.74 for hospitalization, $1,485 for the surgeon, and $10,800 for appliances and medical supplies to the date of the verdict, totaling $26,767.14. There was also proof of future expenses for appliances and medical supplies of $43,920, and that plaintiff would require permanent medical care for a life expectancy of 36.6 years. It is undisputed that plaintiff was disabled from her employment for 22 weeks and suffered loss of wages. Notwithstanding, the jury awarded her only $19,000 for past medical expenses and supplies and $6,000 for past pain and suffering. It awarded nothing for lost wages, future medical expenses or future pain and suffering.

The jury having found defendant negligent and that his negligence was a proximate cause of plaintiff's injuries, its award of damages was wholly inadequate. That part of its verdict was, therefore, properly set aside and a new trial was properly ordered on damages. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Set Aside Verdict.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.