■ CAREN LEVINE, Individually and as Mother and Natural Guardian of MARC LEVINE, an Infant, Appellant, v EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. [597 NYS2d 239] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered October 7, 1991 in Rockland County, upon a verdict rendered in favor of plaintiff.

On November 19, 1987, plaintiff's infant was injured when he was struck in the eye with a tennis ball during gym class at school. As the result of a personal injury action brought on behalf of the infant, a jury awarded the infant $56,000 damages for past pain and suffering, $10,000 damages for future pain and suffering, $20,000 for future medical expenses and $3,000 to plaintiff for loss of services. Following denial of plaintiff's motion to set aside the verdict as inadequate, judgment was entered and plaintiff appeals.

Plaintiff urges that the jury award is inadequate because it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). We start with the proposition that the amount of damages to be awarded is primarily a question of fact (see, Duffy v City of New York, 178 AD2d 370, lv dismissed

80 NY2d 924) and considerable deference should be accorded to the interpretation of the evidence by the jury (see, Esner v Janisziewski, 180 AD2d 991, 993). Given those general principles, we must review the evidence in light of the award rendered.

Harold Weissman, a retinal surgeon, testified that the infant's injuries included angle recession, a torn retina, hemorrhaging under the retina and edema in the back of the eye. As a consequence of those injuries, Weissman twice performed cryoplexy and also laser surgery to produce scarring which sealed the tears in the infant's retina. Weissman testified that those procedures were successful and would prevent the development of future problems. In the ensuing two years of examination, Weissman testified there were no signs of cornea, pupil or reticular abnormalities. Finally, Weissman testified that the infant was at a 10% greater risk than normal of developing glaucoma, which is treatable, and that he should have his eyes examined every six months to a year for the balance of his life.

Gordon Liebergall, the infant's personal ophthalmologist, testified that upon examination 10 months after the accident the infant was doing well, had no complaints and that his eye was nearly at preaccident acuity. He also testified that the infant was at slightly greater risk for glaucoma. Two other nontreating physicians agreed that the infant had an increased risk of glaucoma, usually treatable with eye drops, and that he required regular eye examinations and diagnostic treatment in the future. There was no evidence that the infant was presently experiencing eye problems or pain or that he was expected to experience pain in the future.

Plaintiff's principal contention is that there is an incongruity in regard to the jury's determination that the infant might anticipate future medical expenses of some $20,000 and its award of $10,000 for future pain and suffering. We disagree. The testimony of all the physicians made it clear that the infant would be subject, at least, to annual eye examinations and possible additional diagnostic treatments. Additionally, all were in agreement that the infant was at greater risk for glaucoma, although the condition was definitely treatable. It follows that there was clear evidence in the record for the jury to determine that there were expected future medical expenses that this infant would incur. While there is no clear indication in the record that the infant will endure future pain as the result of his injury, there is evidence that he has had to curtail certain of his activities that he engaged in prior

to the accident and that he socializes less than prior to the accident, thereby affording a basis for the jury's award of $10,000 for future suffering.

Plaintiff acknowledges, as she must, that awards in other cases cannot be looked to for stare decisis purposes, in that each case requires a sui generis determination. Nevertheless, review of appellate determinations can aid in determining whether an award in a particular case deviates materially from what has otherwise been deemed reasonable. We find that the cases relied upon by plaintiff are inapt in that each involved either the actual loss of an eye (see, Davis v Board of Educ., 168 AD2d 261, 262, lv denied 78 NY2d 862; LaPaglia v Sears Roebuck & Co., 143 AD2d 173, 174, lv denied 74 NY2d 624; Simon v Sears, Roebuck & Co., 124 AD2d 655; Goble v State of New York, 123 AD2d 664) or a permanent loss of vision (see, Alferoff v Casagrande, 122 AD2d 183, 184; cf., Koller v Manhattan Eye, Ear & Throat Hosp., 168 AD2d 671, 672-673 [permanent double vision]). Here, although the infant did sustain a permanent injury to his eye and he had to curtail his activities to some degree, he simply has not sustained the degree of impairment present in the cited cases. Based upon our review of the Second Department's recent decision in Irizarry v Raybern Bus Serv. (183 AD2d 872), which involved relatively similar injuries, we cannot conclude that the award here was unreasonable.

We have examined plaintiff's other contentions, including her assertion that she did not receive a fair trial, and find them to be without merit.

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.