■ JOSEPHINE SANTALUCIA et al., Respondents, v COUNTY OF BROOME, Appellant, et al., Defendants. [644 NYS2d 408] —Cardona, P. J.

On May 25, 1992, plaintiff Josephine Santalucia (hereinafter plaintiff) was injured when she was struck by a bicycle ridden by a five-year-old boy while she was walking on a path in a park owned and maintained by defendant County of Broome. Plaintiff and her husband, derivatively, commenced this action alleging, *inter alia*, that the County was negligent in allowing the park's pathways to be used simultaneously by pedestrians as well as bicyclists, rollerskaters and rollerbladers. Plaintiffs further alleged that the County was negligent in not segregating pedestrian and wheeled traffic on the pathways and not posting warning signs regarding the different uses permitted on the pathways. Following a jury trial, a verdict was rendered in favor of plaintiff against the County. A motion by the County to set aside the verdict was denied by Supreme Court. The County appeals.

We affirm. As we have previously stated, "where a governmental body undertakes to maintain an area for recreation, in general some degree of supervision ought to be exercised to assure that the area is reasonably fit for that purpose" (*Cornell v City of Albany*, 199 AD2d 756, 757). It is also clear that a municipality has a duty to maintain its property in a reasonably safe condition (*see, supra*, at 757; *see also, Solomon v City of New York*, 66 NY2d 1026, 1027). While the County does not dispute these principles, it claims that the jury's verdict should nevertheless be set aside because the proof failed to establish that the County's actions were a proximate cause of plaintiff's accident. We disagree.

In determining if a jury verdict should be set aside, the question is whether there is sufficient evidence to support the verdict and, if so, whether the evidence on the whole so preponderates in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Kelley v Balasco*, 226 AD2d 880, 881; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Applying that standard, we find that there was sufficient evidence to support the verdict and, further, that the evidence did not so preponderate in the County's favor on the question of proximate cause that the verdict could not have been reached on any fair interpretation of the evidence.

The record reveals that the County permitted pedestrians as well as bicyclists, rollerskaters and rollerbladers to use the

same pathways in the park. The County put up three signs in the park indicating that the latter three activities were to be operated in a southerly direction, however, there were no signs which set forth the direction pedestrians should travel. At the time of plaintiff's accident, both she and the bicyclist were traveling north. There was trial testimony from park security personnel that it was common for bicyclists to go in both directions and no one enforced the signs. The Commissioner of the County's Parks and Recreation Department admitted that he was aware of concerns of the dual uses of the pathways. While he asserted that the signs were meant to be suggestive only and did not actually prohibit bicycle travel in both directions, documentary evidence revealed that when the signs were first placed in 1989, park personnel were directed to enforce them for two weeks to correct the flow of traffic. Plaintiffs' expert, a licensed landscape architect, testified that permitting both pedestrian and wheeled traffic created an unsafe condition because of the inability to control such uses. He stated that such uses were "basically incompatible". Although he admitted that additional signage could improve the condition, he concluded that the three signs were improperly located and used wording which was insufficient to control the permitted activity.

The County maintains that even had the bicyclist been traveling in the correct direction, the accident could still have happened. Even accepting this assertion, that is not enough to show that "no valid line of reasoning or set of permissible inferences exist that would permit the jurors to arrive at the verdict reached" (*Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830, 831). Given the evidence and the record before us, the jury could reasonably conclude that the County was negligent in permitting the dual usage of the path, and/or that nonenforcement of its signs was negligent and that either of these were substantial factors of plaintiff's accident. Thus, Supreme Court did not err in refusing to set aside the verdict.

The County further contends that the jury's awards for past and future pain and suffering were excessive. Under CPLR 5501 (c) a court may overturn a jury's money verdict when it "deviates materially from what would be reasonable compensation" (*Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1064). This discretionary power, however, is to be exercised sparingly (*see, Cochetti v Gralow*, 192 AD2d 974, 975). Here, the jury awarded plaintiif $50,000 for past pain and suffering and $102,000 for future pain and suffering. Plaintiff's physician testified that her shoulder had to be surgically repaired

by the insertion of a metal ball, which permanently affected her range of motion. The County's medical expert conceded the permanency of the loss of range of motion. Plaintiff complained of pain both before and after the surgery and her expert opined that a full shoulder replacement may be necessary if the pain persists.

Plaintiff testified to the severe pain she was in immediately after the accident and her inability to do anything for the next month except sit and minimally walk around. Plaintiff indicated that even after the surgery she could not lead an active lifestyle. She could not do housework or cook to the extent she had prior to the accident or work at her previous pace in her beauty salon business. Plaintiff's testimony was corroborated by her husband and friends. Given this evidence, as well as noting that great deference is accorded to the jury's interpretation of the evidence (*see, Abar v Freightliner Corp.*, 208 AD2d 999, 1002) and that questions of witness credibility are for the jury to resolve (*see, Countermine v Galka*, 189 AD2d 1043, 1045), we cannot say that the jury's awards for past and future pain and suffering materially deviated from reasonable compensation (*see, Wendell v Supermarkets Gen. Corp., supra; Reed v Harter Chair Corp.*, 185 AD2d 547; *Diorio v Scala*, 183 AD2d 1065).

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, with costs.