■ EDWARD OSIECKI et al., Appellants, v OLYMPIC REGIONAL DEVELOPMENT AUTHORITY, Respondent. [682 NYS2d 312] —Graffeo, J. Appeal from an amended judgment of the Supreme Court (Dawson, J.), entered September 11, 1998 in Essex County, which granted defendant's motion to set aside the verdict and granted a new trial on the issue of damages.

On February 8, 1988 plaintiffs were injured at Gore Mountain Ski Center in the Town of Chestertown, Essex County, when the gondola in which they were riding suddenly stopped and was struck from behind by another gondola. At the close of proof at trial, plaintiffs' motion for a directed verdict on the issue of liability was granted. The jury thereafter awarded plaintiff Edward Osiecki $120,000 in past pain and suffering, $33,867 in lost wages and $495,000 in future pain and suffering based on a life expectancy of 40.5 years. Plaintiff Wade Crimley was awarded $75,000 in past pain and suffering and $306,000 in future pain and suffering based on a life expectancy of 38.7 years. Defendant moved pursuant to CPLR 4404 for an order reducing the amount of damages on the ground

that the awards materially deviated from reasonable compensation for the injuries sustained. Supreme Court granted the motion to set aside the verdict as excessive with respect to the awards for future pain and suffering and ordered a new trial unless Osiecki and Crimley agreed to accept the sums of $75,000 and $40,000, respectively, for future pain and suffering. Plaintiffs now appeal.

Although a jury verdict award should be set aside where it deviates materially from reasonable compensation for the injuries sustained by plaintiffs (*see*, CPLR 5501 [c]; *Cochetti v Gralow*, 192 AD2d 974), the amount of damages in a personal injury action is generally a question of fact for the jury (*see*, *Douglass v St. Joseph's Hosp.*, 246 AD2d 695; *Raucci v City School Dist.*, 203 AD2d 714; *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025). Here, Osiecki was 25 years old at the time of the accident and was studying architecture at the New York Institute of Technology. He testified that he began experiencing severe pain in his back and legs during the course of several days following the accident and became disabled from virtually all activities, including work and school. Osiecki resumed work and school on a part-time basis approximately one year after the accident and graduated with a degree in architecture in 1993. However, Osiecki asserted that he was unable to work as an architect since he required rest periods due to his injuries and he could not sit or stand for long periods of time. As a result of his alleged limitations, he obtained employment with a check-cashing company which allowed him to periodically lie down and rest. Osiecki also testified that he was unable to participate in any sports or recreational activities since the date of the accident. Although Osiecki had back surgery in 1981, he claimed that his condition was asymptomatic for a number of years prior to the accident and did not prevent him from participating in any activities.

Osiecki's treating physician, Patrick Poole, testified that as a result of the gondola accident Osiecki sustained permanent injuries including two herniated discs, which was confirmed by an MRI. Poole also diagnosed Osiecki with radiculopathy based on his accounts of back pain and numbness and tingling in the left leg, straight-leg raising tests and the lack of Achilles reflex. He observed no gradual improvement and noted that Osiecki's chronic radiculopathy and herniated discs were present and symptomatic throughout the six years of treatment. Poole further opined that due to Osiecki's permanent condition, he would experience exacerbations from relatively "innocuous" activities and his daily activities would be restricted in the

future. Lastly, Poole maintained that Osiecki's existing back problems were not related to the earlier injury and surgery.

Defendant's medical expert, Dominic Sette-Ducati, offered a contrary view, testifying that Osiecki did not sustain a disc herniation as a result of the gondola accident but. rather, his back pain was the result of a degenerative back condition which emanated from a herniated disc sustained in 1981. He opined that the gondola accident should only have caused a week or two of discomfort.

Crimley was 26 years old at the time of the accident and was an aspiring professional musician. He testified that he experienced back and neck pain after the accident and could not leave the house for several weeks. The pain began to radiate to his hands and he developed severe jaw pain several months after the accident. He indicated that he experienced pain every day and had been unable to play any musical instruments or participate in most recreational activities since the accident.

Crimley began treating with a neurologist, Shati Wani, 10 days after the accident and was diagnosed with cervical and lumbar muscle strain with radiculopathy and peripheral compression neuropathy related to the gondola accident. This diagnosis was based on Crimley's pain, numbness and tingling in his extremities and numerous neurological examinations and tests. After the onset of jaw pain, Wani concluded that Crimley was experiencing temporomandibular joint dysfunction as a result of the injury to his neck. A 1992 examination resulted in a diagnosis of posttraumatic myofacial pain syndrome with an acute exacerbation. Wani opined that Crimley's prognosis was poor and that he could expect to continue experiencing pain with intermittent acute exacerbations and remissions in the future. Wani also testified that Crimley would be limited in his employment opportunities, recreational activities and ability to play musical instruments. Sette-Ducati, however, testified that Crimley had sustained a mere strain which may have been an aggravation of a preexisting degenerative back condition, but in any event it was not permanent.

Because pain and suffering awards are not subject to precise quantification, examination of comparable cases is necessary to determine whether the award materially deviated from reasonable compensation (see, Karney v Arnot-Ogden Mem. Hosp., 251 AD2d 780, lv denied 92 NY2d 942). A thorough review of the record and an examination of similar cases has revealed a broad range of verdicts for injuries of this nature (see, Diorio v Scala, 183 AD2d 1065; Leonard v Unisys Corp., 238 AD2d 747;

*Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785; *Mangiafridda v Mahyedin*, 248 AD2d 200; *Balmaceda v Perez*, 182 AD2d 983, *lv denied* 80 NY2d 755); but we agree with Supreme Court that the jury's awards for future pain and suffering were excessive and not justified. However, affording proper deference to the jury's findings of serious and permanent injuries (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025), the record does not support Supreme Court's drastic reduction. Based on the foregoing, we set aside the verdict and order a new trial with respect to the awards for future pain and suffering, unless the parties stipulate to reduced awards for future pain and suffering in the amounts of $243,000 for Osiecki and $145,000 for Crimley.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by ordering a new trial as to the issue of damages for plaintiffs' awards for future pain and suffering only, unless, within 30 days after service of a copy of this Court's decision with notice of entry, the parties stipulate to reduce the amount of said damages awarded by the verdict to $243,000 for plaintiff Edward Osiecki and $145,000 for plaintiff Wade Crimley, in which event the judgment, as so reduced, is affirmed.