■ NELLIE STONE, Respondent, v JOHN E. HIDLE, JR., et al., Respondents, and LEWIS KIRSCHNER, as Limited Administrator of the Estate of KATHLEEN E. HINCHEY, Deceased, Appellant. [698 NYS2d 351] —Graffeo, J. Appeal from a judgment of the Supreme Court (Vogt, J.), entered July 16, 1998 in Ulster County, upon a verdict rendered in favor of plaintiff against defendant Lewis Kirschner.

This action was commenced to recover damages for personal injuries sustained in a 1993 motor vehicle accident in Ulster County. Plaintiff was a backseat passenger in a taxicab owned by defendant New Paltz Taxis, Inc. and operated by defendant John E. Hidle, Jr. when the vehicle collided with an automobile driven by Kathleen E. Hinchey. At the conclusion of a jury trial, plaintiff was awarded damages in the amount of $100,000 against defendant Lewis Kirschner, as limited administrator of Hinchey's estate.* Kirschner now appeals.

Initially, Kirschner contends that Supreme Court improperly denied his request for a mistrial or continuance after his attorney was unable to attend the second day of trial. Evidently, Kirschner's attorney became unavailable for trial due to family obligations as the result of a heart attack suffered by his father the previous evening. Plaintiff objected to Kirschner's motion for a mistrial and/or continuance, arguing that she would sustain financial and physical hardship by having to travel from her residence in Florida to attend an adjourned trial date. Supreme Court denied the motion, finding that a mistrial would prejudice plaintiff more than resuming the trial would

---

* In June 1994 Kirschner was substituted as defendant in his capacity as the limited administrator of Hinchey's estate.

prejudice Kirschner. Accordingly, the trial proceeded with other trial counsel from the law firm representing Kirschner.

It is well settled that the trial court is afforded considerable discretion in determining whether to grant a continuance or adjournment (*see, Rosato v Macier*, 222 AD2d 865, 866; *Le Jeunne v Baker*, 182 AD2d 969). During oral argument of the motion, counsel explained that plaintiff was a resident of Florida and did not have the funds to return to New York for another trial at a subsequent date. Plaintiff's daughter had taken a leave from her service in the Navy to drive plaintiff from Florida to Ulster County for the proceedings. Notably, plaintiff's offer to consent to a mistrial or adjournment in exchange for defendant's agreement to pay plaintiff's travel expenses for a future trial date was rejected by Kirschner.

Upon denying the continuance, Supreme Court noted that plaintiff's physical condition was impaired and that the case had been pending for five years. The court proceeded with the second day of trial but prior to the presentation of rebuttal witnesses and summations, the court granted a two-day adjournment to permit the new attorney to obtain and review the trial transcript. Although we recognize the difficulties that the new attorney may have encountered, we do not find that Supreme Court abused its discretion in denying the motion for a continuance or mistrial after considering all relevant factors in determining that such a mistrial or continuance would severely prejudice plaintiff.

Next, Kirschner argues that Supreme Court should have granted a directed verdict in his favor because plaintiff did not sustain a serious injury as defined in Insurance Law § 5102. We disagree. Plaintiff testified that for six months after the accident she could not perform her daily activities and that she experienced severe pain and daily discomfort. Plaintiff's expert, Alfred Frontera, a board-certified neurologist, opined that although plaintiff had a preexisting back condition, she had suffered lumbosacral radiculopathy, muscle spasms and a cervical sprain in connection with the automobile accident. He concluded, with a reasonable degree of medical certainty, that as a result of the accident plaintiff sustained an impairment or injury which rendered her unable to substantially perform her normal activities for at least 90 out of the 180 days following the accident (*see*, Insurance Law § 5102 [d]). Additionally, Frontera testified that plaintiff had a permanent injury related to her cervical spine and that the preexisting injury to her lumbar spine was aggravated by the collision. The record reveals that Frontera's medical opinions were based on objective findings,

including MRI and EMG results, as well as the presence of muscle spasms and swelling. Therefore, plaintiff presented sufficient, objective medical evidence that she suffered a serious injury to her neck and back as a result of the accident.

We further find that the jury's award of damages in the amount of $40,000 for past pain and suffering and $60,000 for future pain and suffering did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). Because pain and suffering awards are generally questions of fact for the jury (see, e.g., Osiecki v Olympic Regional Dev. Auth., 256 AD2d 998), and the record here supports the jury's determination, we conclude that the award of damages was reasonable.

At the time of trial, plaintiff was 49 years old with 32.2 years of life expectancy. After the accident, plaintiff was transported to a hospital complaining of pains in her head, neck and the right side of her body, radiating to her right foot. For six months following the collision, plaintiff claimed she needed the assistance of friends and could not perform her usual activities, such as cleaning, cooking, laundry and shopping. In addition to her constant pain and discomfort, and her use of a cane for walking, plaintiff indicated at trial that she continued to experience difficulty bending over, taking walks and playing with her granddaughter. Two individuals testified with respect to plaintiff's significant limitations and Frontera's testimony supported plaintiff's complaints as he stated that plaintiff had a decreased range of motion in her neck and back and that such a substantial limitation was a permanent disability. Although an examination of comparable cases reveals a broad range of verdicts, the jury's award in this case was not so disproportionate with other awards as to require reduction (see, Osiecki v Olympic Regional Dev. Auth., supra, at 998-999; Duff v Mariani, 248 AD2d 905; Niles v Shue Roofing Co., 244 AD2d 820; Diorio v Scala, 183 AD2d 1065).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.