■ CLAIRE LOLIK, Appellant, v BIG V SUPERMARKETS, INC., Doing Business as SHOP-RITE, Respondent. [698 NYS2d 762] —Peters, J. Appeal from an order of the Supreme Court (Jung, J.), entered September 1, 1998 in Schenectady County, which denied plaintiff's motion to set aside a verdict in favor of plaintiff.

We have reviewed the underlying facts of this case on two prior occasions. The first trial awarding plaintiff $12,000 in damages for past pain and suffering with no award for future pain and suffering was ultimately set aside by us upon appeal (224 AD2d 867),[1] and we affirmed an order which set aside the verdict rendered after a second trial, including an order direct-

---

1. Our affirmance of the award rendered in the first trial (210 AD2d 703) was reversed upon appeal (86 NY2d 744). Upon remittal, we agreed with Supreme Court that a new trial must be granted to address the issue of future damages.

ing a new trial on the issue of future damages (246 AD2d 883). We now review the third trial wherein the jury awarded plaintiff $10,000 for future pain and suffering from November 1992 (the date of the last verdict) until April 22, 1998 (the date of the current verdict) and $10,000 for future pain and suffering based upon a five-year life expectancy. Upon the denial of plaintiff's motion to set aside the verdict or, in the alternative, for a judgment notwithstanding the verdict,[2] this appeal ensued.

The assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference (*see, Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998, 999; *Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 782, *lv dismissed* 92 NY2d 942) unless it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). In assessing plaintiff's future pain and suffering damages, the jury heard testimony from her treating physician that the 1985 accident caused her existing asymptomatic arthritic condition in her knees to become symptomatic; as a permanent condition, she would experience future pain as a result thereof. The initially prescribed course of treatment consisted of exercise and antiinflammatory medication geared toward the reduction of pain in her right knee. It was not until October 1990, however, that he began to treat her left knee; X rays taken at such time showed significant degenerative arthritis, similar to that shown in her right knee. Testimony further revealed that plaintiff's left knee worsened after her husband threw her to the ground subsequent to the underlying injury, that she began to show a progression of arthritis in other areas of her body, that the pain associated with the arthritic conditions, although degenerative, would wane and that she resisted the use of a brace and failed to comply with the full exercise regimen emphasized as essential.

Defendant's examining physician agreed with the aforementioned medical opinion after his examination of plaintiff in 1992. He noted, however, that at the time he rendered such opinion, he was unaware that she was experiencing other arthritic conditions unrelated to the initial trauma, that she expressed no complaints of pain to her treating physician for five years after the accident and that there were subsequent incidents during which she sustained trauma to her left knee.

Plaintiff testified, *inter alia*, that she was 74 years old at the time of the third trial and was suffering from arthritis in her

---

2. Plaintiff fails to raise the alternative issue on appeal. Accordingly, we will not address it.

ankles, a toe, hands and fingers. She admitted that she had experienced difficulty moving about prior to the accident which required her use of a walker.

As the issue of reasonable compensation is not subject to precise quantification, we are left to review comparable cases (*see,* CPLR 5501 [c]; *Osiecki v Olympic Regional Dev. Auth.,* 256 AD2d 998, 1000, *supra; Karney v Arnot-Ogden Mem. Hosp.,* 251 AD2d 780, 782, *supra*). Unlike the cases cited by plaintiff which involved more serious injuries (*see, Rodriguez v New York City Hous. Auth.,* 238 AD2d 125, *mod* 91 NY2d 76; *Lemberger v City of New York,* 211 AD2d 622) occasioned by one with a longer life expectancy (*see, Menga v Raquet,* 150 AD2d 434), we find that the award made here did not deviate materially from what would be reasonable compensation based upon the evidence which the jury was obligated to assess (*see,* CPLR 5501 [c]; *Britvan v Plaza at Latham,* 266 AD2d 799 [decided herewith]; *Adler v Londner,* 228 AD2d 1003).

Similarly without merit is the challenge to the jury's failure to follow the life expectancy table. Such tables are mere guidelines for juries, not binding as a matter of law (*see,* 1 NY PJI 2:281 [3d ed 2000]; *see also, Blyskal v Kelleher,* 171 AD2d 718, 719). Since the jury was provided with this table in connection with its assessment of the evidence concerning plaintiff's health, habits and activities, we find no basis to conclude that its finding regarding plaintiff's life expectancy was against the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, *supra*).

Mikoll, J. P., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.