■ Jane Ordway, Appellant-Respondent, v Columbia County Agricultural Society, Respondent-Appellant. [709 NYS2d 691] —Lahtinen, J. Cross appeals from an amended order of the Supreme Court (Connor, J.), entered May 28, 1999 in Columbia County, which granted defendant's motion for clarification of a prior decision of the court and denied plaintiff's request for a new trial.

In December 1995 plaintiff slipped on property owned by defendant, sustaining a bimalleolar fracture dislocation of the left ankle. Plaintiff commenced this negligence action against defendant seeking money damages for medical expenses, past and future pain and suffering, and lost wages. After trial, the jury apportioned liability 51% to defendant, 49% to plaintiff and awarded plaintiff a verdict of $11,500 for medical expenses only. In response to plaintiff's motion to set aside that part of the jury verdict that awarded no damages to plaintiff for past lost earnings, past pain and suffering, and future pain and suffering, Supreme Court ordered a new trial on the issue of damages unless defendant stipulated to increase the verdict to $60,000. Supreme Court reasoned that "[e]ven if the jury could have reasonably inferred that Plaintiff's injury would not cause future pain and suffering or that Plaintiff's lost earnings were not sufficiently proved at trial, the jury could not have reasonably inferred that Plaintiff had no past pain and suffering connected with her severe ankle injury." Both parties appeal.

The amount of damages to be awarded for pain and suffering is primarily a question of fact and considerable deference should be accorded to the interpretation of the evidence by the jury (see, Douglass v St. Joseph's Hosp., 246 AD2d 695; Levine v East Ramapo Cent. School Dist., 192 AD2d 1025). Such awards are not subject to precise quantification and a thorough review of the instant record and an examination of similar cases is necessary to determine whether the award materially deviated from reasonable compensation (see, CPLR 5501 [c]; Osiecki v Olympic Regional Dev. Auth., 256 AD2d 998).

We agree with Supreme Court that the jury's failure to award any damages for plaintiff's past pain and suffering arising from her severe ankle injury materially deviated from what would be reasonable compensation. The fact that plaintiff suffered a bimalleolar fracture dislocation requiring two surgical procedures within a 17-month period and hospitalizations attendant to both surgical procedures, along with uncontroverted medical testimony as to the seriousness of the injury, and plaintiff's and other witnesses' testimony concerning her injury and the pain she experienced following her fall and before her second surgical procedure, required Supreme Court to set aside the jury's verdict with regard to past pain and suffering. Nor can we find fault with Supreme Court's additur in the amount of $48,500 for past pain and suffering. A review of similar cases dealing with injuries of this nature indicates that such an award for past pain and suffering is reasonable compensation for the injuries sustained (see, Lepore v City of New York, 258

AD2d 288; *Yazdanpanah v Rosenfeld*, 205 AD2d 758; *Carlino v County of Albany*, 178 AD2d 772; *Jakalow v Consoli*, 175 AD2d 826).

We also agree with Supreme Court's refusal to make any award for lost earnings or future pain and suffering. With respect to plaintiff's lost earnings claim, the only evidence in the record is her testimony indicating that she was working on a full-time basis making "$6.00 and something" an hour. No payroll records, W-2 statements, income tax returns and/or testimony from plaintiff's employer were introduced to provide the "reasonable certainty" necessary to support plaintiff's lost wages claim (*see, Seargent v Berben*, 235 AD2d 1024, 1025; *Toscarelli v Purdy*, 217 AD2d 815, 818).

With regard to future pain and suffering, plaintiff last saw her attending physician approximately 10 months prior to the time of trial for a follow-up visit about a week after the second surgical procedure which resulted in the removal of the hardware from plaintiff's ankle. At that June 1997 appointment, plaintiff informed her doctor that she was feeling much better and he discharged her from further medical care to return only if further treatment was needed. Plaintiff did not return to her doctor, even for a cursory examination, prior to his testimony at trial. He testified via videotape that "I was thinking I was going to see her again but it didn't seem to be that I had to. So I have to only presume that she's—she was doing well." This Court's discretionary power to overturn a jury's money verdict "is to be exercised sparingly" (*Santalucia v County of Broome*, 228 AD2d 895, 897) and the evidence did not so preponderate in plaintiff's favor that the verdict on the issue of future pain and suffering could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Santalucia v County of Broome, supra*, at 896).

Cardona, P. J., Mercure, Graffeo and Rose, JJ., concur. Ordered that the amended order is affirmed, without costs.