■ THEILA J. MURRY, Respondent, v CARL E. WITHEREL, Appellant. [731 NYS2d 571] —Spain, J. Appeal from an order of the Supreme Court (Kane, J.), entered June 7, 2000 in Sullivan County, which, *inter alia*, granted plaintiff's motion for a new trial on the issue of damages.

Plaintiff commenced this action to recover damages for personal injuries sustained in a motor vehicle accident which occurred on February 19, 1997, in the Village of Monticello, Sullivan County, when a vehicle owned by defendant collided with the rear of plaintiff's vehicle while she was stopped behind a school bus. At the conclusion of trial, the jury found defendant to be 100% at fault and, thereafter, was presented with separate interrogatories on the following categories of serious injury under Insurance Law § 5102 (d): (1) permanent loss of a body organ, member, function or system, (2) significant disfigurement, (3) significant limitation of use of a body function or system, and (4) permanent consequential limitation of use of a body organ or member. The jury made an affirmative finding only on the fourth category and then proceeded to the issue of damages, awarding plaintiff $25,000 for past pain and suffering and $15,000 for future medical treatment; the jury awarded plaintiff $10,000 for future pain and suffering for 18 months, although instructed that she had a life expectancy of 40.5 years.

Plaintiff thereafter moved pursuant to CPLR 4404 (a) to set aside the jury's verdict as against the weight of the evidence and asserting that the award of damages was inadequate as it deviated materially from what would be reasonable compensation for plaintiff's injuries. Defendant, *inter alia*, opposed the motion. Supreme Court granted plaintiff's motion to set aside the verdict and ordered a new trial on the issue of damages. This appeal by defendant ensued.

Initially, we note that defendant does not, in his brief, challenge Supreme Court's decision to set aside that part of the jury's verdict finding that plaintiff did not suffer a permanent loss of use of a body organ, member, function or system and that she did not suffer a significant limitation of a body function or system. Accordingly, any challenge thereto has been abandoned (*see, Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill*, 263 AD2d 558). Defendant does, however, take issue with the court's decision to set aside that portion of the jury verdict determining that plaintiff did not suffer a significant disfigurement. The standard of review for

determining whether Supreme Court properly granted plaintiff's motion to set aside the verdict on this issue is "whether 'the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875 [internal quotation marks omitted]; *see, Petrivelli v Walz*, 227 AD2d 735). The jury had the opportunity to view plaintiff's neck scar and a photograph of the scar on her hip. In our view, the jury's determination, that these surgical scars "would not be regarded by a reasonable person as unattractive, objectionable, or as the subject of pity or scorn, and therefore do[ ] not constitute a significant disfigurement" (*Spevak v Spevak*, 213 AD2d 622, 622-623; *see*, Insurance Law § 5102 [d]; *Loiseau v Maxwell*, 256 AD2d 450) is supported by a fair interpretation of the evidence. Thus, it was error for Supreme Court to set aside the verdict on the significant disfigurement category as against the weight of the evidence (*see, Petrivelli v Walz, supra*, at 735-736).

Turning to the issue of damages, plaintiff testified at trial that following the accident, she was taken by ambulance to the hospital complaining of head and back pain. She was treated, released and instructed to follow-up with her family physician, who subsequently referred her to an orthopedic surgeon as she was experiencing head, back and general body pain including numbness on the left side of her body and reduced grip strength in her left hand. Plaintiff indicated that the orthopedic surgeon prescribed physical therapy, which she could not tolerate, as well as epidural and trigger point injections, which she described as being so painful and debilitating that they left her bedridden for two or three days following each treatment. Plaintiff testified that as a result of her injuries, she was out of work from the time of the February 1997 accident until November 1997; she worked until June 1998, then was out of work for the month of June, and returned in July 1998 and continued to work until March 19, 1999, when she underwent cervical spine surgery. Plaintiff stated that, following the surgery, the numbness in the left side of her body resolved and she regained some of her grip strength, but that she still experienced neck and back pain, as well as pain in her left hip from where the bone graft was taken and that she had surgical scarring on her neck where the surgery was performed and on her hip at the graft site.

Plaintiff's treating orthopedic surgeon, Charles Peralo, testified that when he first examined plaintiff approximately one

month after the accident, she complained of pain in her lower back radiating to her lower extremity, as well as pain in her cervical spine. He ordered an MRI which revealed cervical disc herniations at C5-6 and C4-5 and compression of the nerve root. In addition, an MRI film of the lumbar spine demonstrated a disc herniation at L3-4, also impinging on the spinal cord. Moreover, Peralo indicated that he had contrasted preaccident and postaccident MRI films and opined that plaintiff's herniations were directly related to the subject 1997 accident, and not an earlier 1994 accident in which plaintiff was involved. Peralo recommended a course of treatment which included physical therapy and epidural and trigger point injections. When this conservative treatment failed to alleviate plaintiff's symptoms, Peralo recommended both cervical and lumbar surgeries. Plaintiff thereafter underwent an anterior cervical decompressive discectomy and Cloward graft fusion with iliac bone grafting, in which two cervical vertebrae were fused using bone removed from her hip in order to eliminate motion of the cervical spine at the levels where it was fused. Peralo further testified that plaintiff would need to undergo lumbar spine surgery to treat her lumbar disc herniation but that such surgery had not yet been performed as they were waiting for plaintiff to recover from the cervical spine surgery. Finally, in Peralo's opinion, it was unlikely that plaintiff would be able to return to her job as a driver for the elderly because prolonged periods of sitting would place a great deal of pressure on her lumbar spine.

In sharp contrast to this testimony, defendant's expert, an orthopedic surgeon who twice examined plaintiff, testified that there was absolutely nothing physically wrong with plaintiff, that her cervical spinal fusion surgery was unnecessary and that she would not require lumbar surgery in the future. Inasmuch as the jury found that plaintiff sustained a serious injury that would require future medical treatment, it is clear that the jury rejected this expert opinion.

In reviewing whether Supreme Court properly set aside the damages award and ordered a new trial, we must determine whether the award deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; Osiecki v Olympic Regional Dev. Auth., 256 AD2d 998, 1000; Niles v Shue Roofing Co., 244 AD2d 820, 821). With regard to the award of $25,000 for past pain and suffering, we note that although an examination of similar cases reveals a broad range of verdicts for injuries and surgery of this nature, most appear to be significantly higher than the award in this case (see,

*Miranda v New Dimension Realty Co.*, 278 AD2d 137 [award of $100,000 for past pain and suffering to a plaintiff who had undergone spinal fusion surgery was inadequate and was required to be increased to $400,000 in order to avoid a new trial on damages]; *Smith v Monro Muffler Brake*, 275 AD2d 1028, *lv denied* 96 NY2d 710 [award of $50,000 for past pain and suffering to a plaintiff who suffered a herniated disc requiring surgery was inadequate and was required to be increased to $400,000 to avoid a new trial on damages]; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, *lv denied* 94 NY2d 754 [award of $450,000 for past pain and suffering to a plaintiff who sustained a herniated disc at C5-6 requiring surgery]; *Osiecki v Olympic Regional Dev. Auth.*, *supra* [awards of damages for past pain and suffering in the amounts of $120,000 and $75,000, respectively, for one plaintiff who sustained two herniated discs and another who was diagnosed with cervical and lumbar strains]; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, *lv denied* 92 NY2d 817 [award of $3,000,000 for past and future pain and suffering for a plaintiff who suffered herniated discs and a ruptured disc requiring two surgeries]; *Niles v Shue Roofing Co.*, *supra* [award of $100,000 for past pain and suffering to a plaintiff suffering from a degenerative disc bulge at L4-5]; *Manchester v Bankhead Corp.*, 125 AD2d 740 [total damages of $375,000 for injuries requiring spinal fusion and bone graft after removal of herniated disc]). Based on the foregoing, we agree that the award of $25,000 for past pain and suffering deviated materially from what would be considered reasonable compensation and is indeed against the weight of the evidence which established that plaintiff had undergone spinal fusion surgery and continued to suffer pain and discomfort as a result of injuries sustained in this accident.

Likewise, we agree with Supreme Court that the jury's award of damages for future pain and suffering for 18 months cannot be reconciled with her life expectancy of 40.5 years and the jury's finding that she sustained a permanent injury and, thus, should be set side (*see, Shaw v Jacobs*, 279 AD2d 624; *Laylon v Shaver*, 187 AD2d 983; *see also, Newman v Aiken*, 278 AD2d 115). Next, the only evidence before the jury with respect to future medical expenses was that plaintiff would likely undergo a second surgery to fuse affected lumbar vertebrae, costing approximately $26,000. Accordingly, we agree with Supreme Court that the award of $15,000 for future medical expenses is inadequate (*see, Kosinski v Consolidated Rail Corp.*, 195 AD2d 964; *Storer v Roselle*, 185 AD2d 625). In view of the record evidence concerning the nature and extent of plaintiff's injuries,

we conclude that Supreme Court properly exercised its discretion in awarding a new trial on damages.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as set aside the jury's verdict that plaintiff did not sustain a significant disfigurement within the meaning of Insurance Law § 5102 (d), the jury's verdict is reinstated to that extent; and, as so modified, affirmed.