■ ROBERT ADAMS, Appellant, v GEORGIAN MOTEL CORPORATION, Respondent. [738 NYS2d 712] —Spain, J. Appeal from a

---

judgment of the Supreme Court (Canfield, J.), entered May 2, 2001 in Rensselaer County, upon a verdict rendered in favor of plaintiff.

While descending basement stairs with a loaded hand truck delivering restaurant supplies to a motel owned by defendant, plaintiff slipped and fell on the steps which—unbeknownst to defendant—were wet, having recently been cleaned. Plaintiff commenced this action seeking damages claiming that defendant's negligence caused the accident. Following a trial, a jury apportioned fault 70% to defendant and 30% to plaintiff, and awarded damages to plaintiff in the amount of $114,500 in lost earnings, $20,000 for past pain and suffering and $20,000 for future pain and suffering for the remainder of plaintiff's life expectancy—16 years. Plaintiff thereafter moved pursuant to CPLR 4404 (a) to set aside the awards for past and future pain and suffering as inadequate. Supreme Court denied the motion and entered judgment on the verdict. Plaintiff now appeals from so much of the judgment as awarded damages for pain and suffering.

We begin our analysis with the principle that "[t]he assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference * * * unless it 'deviates materially from what would be reasonable compensation'" (*Lolik v Big V Supermarkets*, 266 AD2d 759, 760, quoting CPLR 5501 [c] [citations omitted]). "The trial court's decision on the motion to set aside the verdict is likewise to be accorded deference" (*Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697) and "[t]his Court's discretionary power to overturn a jury's money verdict 'is to be exercised sparingly'" (*Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 637, quoting *Santalucia v County of Broome*, 228 AD2d 895, 897).

Here, with respect to the issue of past pain and suffering, plaintiff described severe pain and back spasms which he experienced at the time of the accident and in the years following until, almost four years following the accident and after exhausting more conservative treatment options, he underwent spinal fusion surgery. The surgery involved screwing titanium cages into plaintiff's vertebrae and grafting them with bone removed from his hip. Following the surgery, plaintiff spent six days in the hospital, wore a brace and a bone stimulator and took prescription pain medication for several months. Defendant did not introduce any medical testimony to dispute plaintiff's description of his condition prior to surgery, but instead relied on evidence that defendant was seen line danc-

ing on one occasion during this period and another time was involved in a physical altercation with another individual.

Viewing this evidence in the context of comparable cases, we must conclude that the $20,000 award for past pain and suffering deviates materially from what would be reasonable compensation (*see, Murry v Witherel*, 287 AD2d 926, 928-930 [setting aside an award of $25,000 for past pain and suffering to a plaintiff who underwent cervical spinal fusion surgery]). In *Murry v Witherel* (*supra*), we cited seven cases involving injuries and treatments not unlike those involved here in which past pain and suffering awards ranged from $75,000 to $3,000,000 (*id.* at 928-929). By contrast, those cases relied upon by defendant in support of upholding the jury's past pain and suffering award are readily distinguishable (*see, Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063 [$15,000 award did not materially deviate from reasonable compensation for a plaintiff who had not undergone surgery]; *Reed v Harter Chair Corp.*, 185 AD2d 547 [upholding $30,000 award for past pain and suffering where evidence indicated that the plaintiff's injury was a recurrence of a prior disc herniation]; *Diorio v Scala*, 183 AD2d 1065 [$30,000 award for past pain and suffering upheld when challenged as excessive, as opposed to inadequate]). Based on the foregoing, we determine that the jury's award of $20,000 for past pain and suffering should be set aside as inadequate, unless the parties agree to increase the award to $100,000 and thereby render it comparable to awards given in like cases (*see, Murry v Witherel, supra* [and cases cited therein]).

We reach a different conclusion, however, with respect to plaintiff's challenge to the jury's award for future pain and suffering. When examined by his physician a few months after the surgery, plaintiff informed her that he felt "85 to 90 percent better." Although plaintiff's physician testified that plaintiff continued to suffer "some chronic back pain" following the surgery and that, although she did not restrict his activity, he would likely experience some pain, she made it clear that she could not accurately predict plaintiff's future condition. Plaintiff testified that he could no longer enjoy the sports activities to which he was accustomed and complained that he experiences pain in his lower back when performing certain everyday tasks.

Cognizant, as we are, of the fact that "future damages cannot be computed with exactitude" (*Kirschhoffer v Van Dyke*, 173 AD2d 7, 10), in our view, this proof is insufficient to demonstrate, with any certainty, the nature or degree of suffering that plaintiff will experience in the future. As such, it cannot

be said that the jury's award of $20,000 for future pain and suffering for plaintiff's 16-year life expectancy deviates materially from what would be reasonable compensation (*see, Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 637, *supra* [where patient informed doctor at last visit that she was feeling much better, jury's decision to award no damages for future pain and suffering upheld]; *cf., Murry v Witherel*, 287 AD2d 926, *supra* [future pain and suffering award of $10,000 for 18 months set aside because it could not be reconciled with the plaintiff's 40.5-year life expectancy]; *Miranda v New Dimension Realty Co.*, 278 AD2d 137, 137 [award of $200,000 for future pain and suffering set aside where the plaintiff faced "the likely prospect of additional major surgery"]; *Wendell v Supermarkets Gen. Corp.*, *supra* [trial court properly set aside $15,000 award for future pain and suffering where detailed testimony established the plaintiff's physical limitations and possibility of corrective surgery in the future]).

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff $20,000 for past pain and suffering; new trial ordered on the issue of past pain and suffering unless, within 20 days after service of a copy of the order herein, the parties stipulate to increase the award for past pain and suffering to $100,000, in which event the judgment, as so modified, is affirmed.