JANETTA JOHNSON et al., Appellants, v CHARLOTTE GRANT et al., Respondents. [770 NYS2d 487]—

Mugglin, J. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered October 18, 2002 in Otsego County, upon a verdict rendered in favor of plaintiffs.

In this automobile accident case, liability was conceded. As to damages, the jury rejected plaintiffs' claim that plaintiff Janetta Johnson (hereinafter plaintiff) suffered a significant limitation of use of a body function or system, but awarded her $20,000 for past pain and suffering, finding that she had been prevented from performing substantially all of the material acts that constituted her usual and customary daily activities, by reason of a

medically determined injury, for at least 90 of the first 180 days following the accident. Plaintiffs' posttrial motions to set aside those portions of the verdict which found no significant limitation of use as against the weight of the evidence and the damages as inadequate were denied and plaintiffs appeal.

Here, plaintiffs first argue that omissions from the jury charge constitute reversible error entitling them to a new trial. Specifically, plaintiffs claim that the jury should have been instructed concerning aggravation of a preexisting injury (*see* PJI3d 2:282 [2003]), permanent consequential limitation of use of a body organ or member (*see* PJI3d 2:88F [2003]), and significant disfigurement or dismemberment (*see* PJI3d 2:88B [2003]). Plaintiffs' requests for these charges at the charge conference were refused. Although given an opportunity, plaintiffs did not timely object to such refusal thus waiving any right to challenge the charge on appeal (*see* CPLR 4110-b; *De Long v Erie County,* 60 NY2d 296, 306 [1983]; *Pyptiuk v Kramer,* 295 AD2d 768, 771 [2002]; *Brown v County of Albany,* 271 AD2d 819, 821 [2000], *lv denied* 95 NY2d 767 [2000]; *Dutcher v Fetcher,* 183 AD2d 1052, 1054 [1992], *lv denied* 80 NY2d 761 [1992]).

However, even absent a timely objection, "this Court is empowered to grant a new trial in the interest of justice where demonstrated errors in a jury instruction are fundamental" (*Pyptiuk v Kramer, supra* at 771; *see DiGrazia v Castronova,* 48 AD2d 249, 251-252 [1975]). We find no such error. Plaintiffs did not plead or prove an aggravation of a preexisting condition, precluding recovery on that theory (*see Steuer v Town of Amherst,* 300 AD2d 1104, 1106 [2002]; *Andre v Seem,* 234 AD2d 325, 326 [1996]; *De Mento v Nehi Beverages,* 55 AD2d 794, 795 [1976]). Further, neither plaintiffs' complaint nor their bill of particulars set forth any claim of permanent consequential limitation of use of a body organ or member. Plaintiffs' general reference to a permanent injury is insufficient to allege this serious injury category. Also, it is apparent that Supreme Court determined that plaintiffs failed to show, prima facie, a significant disfigurement as a result of the surgical scars on plaintiff's neck or hip and, therefore, did not submit the issue to the jury for determination (*see Siegle v County of Fulton,* 174 AD2d 930, 931 [1991]; *Edwards v De Haven,* 155 AD2d 757, 758 [1989]). In our view, this determination was not error as the record fails to establish that a reasonable person would regard the surgical scars as unattractive or objectionable or such as to make plaintiff the object of pity or scorn. Moreover, even were we to consider the failure to submit this issue to the jury to be error, it is not so fundamental as to require the grant of a new trial.

While plaintiff's doctor testified that the discectomy was necessary to repair an injury caused by the accident, defendants' expert disagreed, finding that plaintiff sustained only a cervical sprain or strain in the accident, the surgery having been performed to correct a preexisting degenerative condition. Since the jury determined that plaintiff suffered a nonpermanent injury, it implicitly determined that the accident was not the proximate cause of plaintiff's need for the neck surgery and, therefore, the resultant scars do not qualify as significant disfigurement under Insurance Law § 5102 (d).

Plaintiffs' second argument is that the $20,000 award for past pain and suffering was against the weight of the evidence and deviated materially from what would be reasonable compensation. We do not find that the evidence so preponderated in plaintiffs' favor as to require the conclusion that the verdict could not have been reached on any fair interpretation of the evidence (see Duff v De Sorbo, 304 AD2d 870, 871 [2003]). The assessment of damages is principally a factual determination to be made by the jury, and is accorded great deference unless it deviates materially from what would be considered reasonable compensation (see Lolik v Big V Supermarkets, 266 AD2d 759, 760 [1999]). The jury's selection of the 90/180-day category suggests that it resolved the conflicting medical evidence in favor of finding plaintiff to have suffered a nonpermanent cervical strain. Similar amounts of compensation have been awarded for such injuries (see Baker v Shepard, 276 AD2d 873, 876 [2000]; Stone v Hidle, 266 AD2d 705, 707 [1999]).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.