◼ SEAIN O. PINKOWSKI, Appellant, v ALICE A. FULLER et al., Respondents. [773 NYS2d 169]—

Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 13, 2002 in Columbia County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for injuries allegedly sustained in a 1997 automobile accident. Defendants stipulated to liability for the accident and the matter proceeded to trial on the issue of whether plaintiff had sustained a compensable serious injury within the meaning of the Insurance Law and, if so, the appropriate amount of damages. At trial, plaintiff argued that, as a result of the accident, he sustained both a "permanent, consequential limitation of use of a body organ or member" and a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). The jury unanimously found that plaintiff had suffered a significant limitation of use of a body function or system, failed to reach agreement on the permanent injury issue, and awarded plaintiff $75,000 for past pain and suffering and no damages for future pain and suffering. Plaintiff moved for a new trial on the basis that the damage award was insufficient. Supreme Court denied the motion and, on plaintiff's appeal, we now affirm.

"A jury's assessment of damages in a personal injury case is entitled to great deference, as is a trial court's decision on a motion to set aside a verdict, and should not be set aside unless the award 'deviates materially from what would be reasonable compensation' " (*Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002], quoting CPLR 5501 [c]; *see Lolik v Big V Supermarkets*, 266 AD2d 759, 760 [1999]; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998, 999 [1998]). Our review of the record reveals no basis upon which to overturn the jury's conclusions.

Plaintiff had undergone spinal fusion surgery in 1992 after falling from a second-story balcony. Since then, and until the 1997 automobile accident, plaintiff was employed as a cook and bartender. Shortly after the accident, he accepted employment as a school district maintenance worker, a more labor intensive position. Thereafter, plaintiff experienced renewed pain in his back and sought treatment, including physical therapy, medications, facette block procedures, rhizotomy procedures and, ultimately, surgery—a second spinal fusion.

Plaintiff's reliance on significantly higher damage awards in cases where plaintiffs have experienced spinal fusion surgery as a result of another's negligence (*see Adams v Georgian Motel Corp.*, 291 AD2d 760, 761-762 [2002]; *Murry v Witherel*, 287 AD2d 926, 927-928 [2001]; *Miranda v New Dimension Realty Co.*, 278 AD2d 137, 137 [2000]) is misplaced because, here, record evidence exists which can fairly be interpreted to support the conclusion that the need for plaintiff's second surgery was not caused by defendants' negligence. Indeed, conflicting evidence was presented at trial on the issue of causation, providing

a basis upon which the finder of fact could have concluded that plaintiff's need for surgery was caused by his prior injury and/or his change of employment rather than by the accident at issue here.

Both plaintiff's treating orthopedic surgeon and pain management specialist opined that plaintiff's second spinal injury and resultant surgery were causally connected to the automobile accident. Each conceded, however, that they were unaware that plaintiff had changed the nature of his employment and that such employment history was relevant to determining the cause of the type of injury sustained by plaintiff. Defendants' expert opined that, as a result of the 1997 car accident, plaintiff suffered a lumbar muscle strain of an approximate six week duration. Although he did not quarrel with the treatment rendered to plaintiff after plaintiff consulted his physician—some three months following the accident—defendants' expert testified that the injuries for which plaintiff received such treatment were not caused by the accident but by plaintiff's preexisting condition and his change of employment.

Based on an examination of cases involving spinal injuries which did not necessarily result in surgery, the jury's decision to award plaintiff $75,000 for past pain and suffering and not to award him damages for future pain and suffering does not materially deviate from reasonable compensation (*see Osiecki v Olympic Regional Dev. Auth.*, *supra* at 999; *Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1065 [1993]; *see also Reed v Harter Chair Corp.*, 185 AD2d 547, 549 [1992]). As indicated, conflicting evidence was presented at trial upon which the jury could reasonably have concluded that any permanent injury sustained by plaintiff was not the result of the 1997 accident. Hence, we reject plaintiff's challenge to the verdict—and specifically to the jury's decision not to award damages for future pain and suffering—as against the weight of the evidence (*see Johnson v Grant*, 3 AD3d 720, 722 [2004]; *Murry v Witherel*, *supra* at 926-927).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.