■ Joseph P. Felitti, Appellant, v Kenneth Daughriety et al., Respondents. [784 NYS2d 706]—

Lahtinen, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 7, 2003 in Rensselaer County, which denied plaintiff's motion to set aside the verdict.

In this appeal, plaintiff challenges as inadequate the amount of damages awarded to him by a jury for past and future pain and suffering as a result of injuries sustained in a motor vehicle accident on June 25, 1998 in the City of Troy, Rensselaer County. While exiting a local business, a vehicle operated by defendant Kenneth Daughriety hit the rear of defendant Philip Robertson's vehicle, which in turn entered the street and bumped the passenger side of plaintiff's car. Although plaintiff drove his car home and did not complain of injuries that day, he sought medical attention the following day for back and neck pain.

Plaintiff missed approximately three months from his job at Wal-Mart after the accident. He continued receiving medical treatment, including physical therapy and chiropractic care. In May 2000, he sought medical attention for a back injury that occurred while lifting at work. Thereafter, he consulted with a neurologist and, eventually, underwent spinal fusion surgery in January 2003.

Following a jury trial, Daughriety was found fully responsible for the accident. The jury determined that plaintiff had not suffered a permanent loss of use, a permanent consequential limitation or a significant disfigurement. It did, however, find that he had sustained a serious injury under the significant limitation and 90/180-day categories (see Insurance Law § 5102 [d]). It awarded damages for past and future pain and suffering, lost earnings and medical expenses totaling $121,800. Of that amount, $30,000 was for past pain and suffering and $25,000 was for future pain and suffering. On the verdict sheet, the jury was asked to assign a period of years for future pain and suffering, future lost earnings and future medical expenses, and assigned terms of 45 years, 4 years and 4 years, respectively.

Plaintiff's motion to set aside the verdict as insufficient with respect to past and future pain and suffering and for a new trial on such issues was denied by Supreme Court. Plaintiff appeals.

Deference is accorded both to a jury's assessment of personal injury damages and to the trial court's decision on a motion to set aside the jury's verdict (*see Pinkowski v Fuller*, 5 AD3d 907, 908 [2004]; *Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002]). An award should not be disturbed unless it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Lolik v Big V Supermarkets*, 266 AD2d 759, 760 [1999]), and such a determination is generally made by examining comparable cases (*see Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998, 1000 [1998]).

While plaintiff correctly points out that injuries resulting in spinal fusion consistently culminate in significantly higher awards for pain and suffering than he received, a key issue at trial was whether all of plaintiff's problems—including the necessity of surgery—flowed from the June 1998 accident. Two of plaintiff's physicians testified that the accident was the cause of the injuries that ultimately led to surgical intervention. Cross-examination, however, revealed that neither doctor was aware of the May 2000 back injury that plaintiff had sustained at work. When one doctor was asked whether that subsequent injury could be important on the issue of causation, she responded "definitely." The other doctor stated that such information was "significant" and he "absolutely" would want to know about it when forming his opinion. Defendant's expert related that, based upon his review of radiological records and other medical records of plaintiff as well as his examination of plaintiff, it was his opinion that in the 1998 accident plaintiff sustained a "muscular type injury" in which he "sprained his neck and his mid and low back." He further stated that plaintiff had "degenerative disc disease that was . . . present prior to the motor vehicle accident."

According deference to the jury, which rejected the two serious injury categories that specifically included findings of permanency as well as the one ostensibly based upon the surgical scar, it is logical to conclude that the jury was not persuaded that the spinal fusion surgery was causally related to the subject motor vehicle accident. Under such circumstances, we are not persuaded that the verdict deviated materially from reasonable compensation (*see Pinkowski v Fuller, supra* at 908; *Johnson v Grant*, 3 AD3d 720, 722 [2004]; *Stone v Hidle*, 266 AD2d 705, 707 [1999]). To the extent that the jury's assignment of a period for future pain and suffering of 45 years appears inconsistent

with the two specific findings of no permanency (*cf. Preston v Young*, 239 AD2d 729, 732 [1997]), the purported inconsistency was not raised before the jury was discharged and thus was not properly preserved for review (*see Sotomayor v Enterprise Packaging Corp.*, 10 AD3d 603, 603 [2004]; *Dailey v Keith*, 306 AD2d 815, 817 [2003], *affd* 1 NY3d 586, 587 [2004]; *Preston v Young, supra* at 732).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.