85 F.3d 49
 STONEWALL INSURANCE COMPANY, Plaintiff-Appellant-Cross-Appellee,
v.
ASBESTOS CLAIMS MANAGEMENT CORPORATION,
Defendant-Appellee-Cross-Appellant,
Liberty Mutual Insurance Company, Underwriters At Lloyds,
Continental Casualty Company, American Motorists Insurance
Company, Affiliated FM Insurance Company, Republic Insurance
Company, First State Insurance Company, United States Fire
Insurance Company, Houston General Insurance Company, Twin
City Fire Insurance Company, Old Republic Insurance Company,
American Centennial Insurance Company, The Constitution
State Insurance Company, Employers Insurance Of Wausau, and
Commercial Union Insurance Company,
Defendants-Appellants-Cross-Appellees,
and
The Travelers Insurance Company, et al., Defendants.
ASBESTOS CLAIMS MANAGEMENT CORPORATION,
Third-Party-Plaintiff-Appellee-Cross-Appellant,
v.
INTERNATIONAL INSURANCE COMPANY,
Third-Party-Defendant-Appellant-Cross-Appellee,
and
H.S. Weavers (Underwriting) Agencies, Ltd., Third-Party Defendant.
 No. 1300, Docket 93-7314(L).
 United States Court of Appeals,
Second Circuit.
 Submitted Feb. 12, 1996.
Decided May 20, 1996.
 
 Before NEWMAN, Chief Judge, and WINTER and MAHONEY, Circuit Judges.
 Petition for Rehearing
 JON O. NEWMAN, Chief Judge.
 
 
 1
 The Asbestos Claims Management Corporation ("ACMC") petitions for rehearing of our December 13, 1995, decision resolving numerous issues arising in a complex appeal by several insurers and a cross-appeal by ACMC concerning insurance coverage for asbestos-related injuries. See Stonewall Insurance Co. v. Asbestos Claims Management Corp., 73 F.3d 1178 (2d Cir.1995). The petition primarily seeks reconsideration of that aspect of our decision that affirmed, with one modification, the District Court's method of allocating responsibility among ACMC and its insurers for asbestos bodily injury claims that trigger multiple policies.
 
 
 2
 The District Court had ruled, on motion for summary judgment, that the obligations of all triggered policies were to be prorated based upon the policies' respective triggered time periods with one significant qualification. That qualification, referred to as the "proration-to-the-insured approach," required the insured[1] to bear a pro rata share of payment obligations for any periods in which the insured had no insurance, either because it did not purchase insurance or because the insurance it purchased had been consumed by prior payments. In effect, the insured was treated for uninsured periods as if it was an insurer that had issued an insurance policy to itself, and it was included in the allocation formula in the same way as the other insurers.
 
 
 3
 We affirmed the District Court's allocation method, including the proration-to-the-insured approach, with one modification. We relieved the insured of a pro rata obligation for time periods after 1985 because, from that point on, the insurers' policies included asbestos exclusion clauses. See Stonewall, 73 F.3d at 1201-04.
 
 
 4
 ACMC now challenges the allocation ruling, as modified, on two grounds. First, ACMC contends that the case should be remanded to afford it an opportunity to persuade the District Court that proration based solely on time on the risk is unfair and that a proper allocation would consider both time on the risk and the degree of risk assumed. Second, ACMC contends that the case should be remanded to afford it an opportunity to prove that its lack of sufficient insurance prior to 1986 resulted from the unavailability of insurance beyond the amounts it purchased. ACMC reasons that, since our prior decision exempted it from the proration-to-the-insured approach for years after 1985 when asbestos exclusion clauses made coverage unavailable, it should have the opportunity to prove comparable unavailability of coverage, beyond what it purchased, for the years before 1986.
 
 
 5
 We conclude that ACMC's current challenges come too late to justify a rehearing. In its opening brief to this Court, ACMC contended that the District Court had erred in requiring any proration to the insured. Its view, repeated in its reply brief on the cross-appeal, was that the policy terms obligated the insurers to pay the entirety of all claims. As it stated, "[T]he legally required result is that once a policy is triggered by the underlying continuous bodily injuries, it is liable (subject to its policy limits) for the entirety of ACMC's liability." ACMC's Reply Brief at 13. Though faulting the District Court for presuming that ACMC's liability could be evenly prorated across all triggered policy periods, ACMC advanced this point only as a reason for rejecting proration to the insured. Nowhere in its submissions to this Court did ACMC contend, as a fallback position, that if there was to be proration to the insured, this Court should direct the District Court to use an allocation formula that included variables other than time.
 
 
 6
 ACMC endeavors to excuse its belated challenge to the specifics of the allocation technique by pointing out that the New Jersey decision on allocation, Owens-Illinois, Inc. v. United Insurance Co., 138 N.J. 437, 650 A.2d 974 (1994), some aspects of which we cited approvingly, see Stonewall, 73 F.3d at 1203, was rendered after the filing of ACMC's reply brief. However, the unavailability of a helpful precedent did not preclude ACMC from urging us to construe New York and Texas law to require the same approach to allocation that the New Jersey Supreme Court would be persuaded to adopt in Owens-Illinois.
 
 
 7
 Equally belated is ACMC's attempt to obtain a remand for a hearing to prove the unavailability in the years before 1986 of insurance above the amounts that it purchased. ACMC's submissions to this Court nowhere suggested that if it failed to obtain total rejection of the proration-to-the-insured approach, it should at least be afforded an opportunity to present evidence justifying exemption from that approach for specific periods of time. Indeed, the partial exemption we adopted, sparing ACMC from proration for years after 1985, was done on our own motion, without the benefit of any argument advanced by ACMC. Having been gratuitously awarded a substantial exemption from the proration-to-the-insured approach, which it did not seek, ACMC cannot now claim that we erred in not treating it more generously.
 
 
 8
 In addition, we note that the requested remand would entail an extensive development of a factual record. That circumstance reinforces our conclusion not to entertain the request at this late date.
 
 
 9
 Finally, we accept the suggestion of ACMC to make a slight modification in one sentence of our prior opinion. Accordingly, the third sentence of the first paragraph of Part IV.A (beginning "Though ... "), Stonewall, 73 F.3d at 1214, is modified to read, "Stonewall and OR have joined CSIC's 'known loss' defense brief." In all other respects the petition for rehearing is denied.
 
 
 
 [1]
 The insured is referred to in our prior opinion as NGC, the acronym of the National Gypsum Company. It is now the Asbestos Claims Management Corporation, or ACMC