**Cori BOOK, Plaintiff–Appellant,**

v.

**R.P. DETTENRIEDER, Defendant–Appellee.**

No. 00–9478.

United States Court of Appeals, Second Circuit.

June 28, 2001.

Arthur J. Siegel, Bond, Schoeneck & King, Albany, NY, for appellant.

John W. Bailey, Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, Albany, NY, for appellee.

Present MESKILL, KEARSE, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

Plaintiff Cori Book, whose wrist was fractured in a collision between her bicycle and defendant's truck, and who was awarded $1,335 in out-of-pocket medical expenses by a jury in the United States District Court for the Northern District of New York before Frederick J. Scullin, Jr., *Chief Judge,* appeals "from only that portion of the civil judgment after jury verdict ... which awarded no damages to plaintiff for past and future pain and suffering." (Book notice of appeal dated November 6, 2000.) On appeal, Book contends that she should have been granted a new trial because she was entitled to an award for pain and suffering. For the reasons that follow, we dismiss the appeal for lack of appellate jurisdiction.

 Final judgment in this matter was entered on July 25, 2000. Book's notice of appeal was filed in November. Under Fed.R.App.P. 4(a)(1)(A), the deadline for appeal was August 24, 2000, unless extended in accordance with the Federal Rules of Appellate Procedure. Book contends that her appeal deadline was extended pursuant to Fed.R.App.P. 4(a)(4)(A)(v) because she moved in the district court for a new trial pursuant to Fed.R.Civ.P. 59(a). We disagree. A Rule 59 motion extends the appeal deadline only if the motion is "timely," Fed.R.App.P. 4(a)(4)(A). To be timely, a Rule 59(a) motion for a new trial must be made within 10 days, as calculated under Fed.R.Civ.P. 6(a), after the entry of judgment. *See* Fed.R .Civ.P. 59(b). While Book contends that her Rule 59 motion, filed on August 10, *i.e.,* beyond the 10–day period, was timely because the district court granted her an extension of time to make such a motion, the court had no power to grant such an extension. The

Federal Rules of Civil Procedure, while allowing enlargements of time to perform many acts, *see* Fed.R.Civ.P. 6(b), provide that, except in circumstances not pertinent here, the district court "may not extend the time for taking any action under Rule[ ] ... 59(b)," Fed.R.Civ.P. 6(b). *See, e.g., Rodick v. City of Schenectady,* 1 F.3d 1341, 1346 (2d Cir.1993) (*"Rodick"*) (no power to extend time for motions under Fed.R.Civ.P. 50(b) and 59(a)); *see also Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir.2000) (no power to grant consented-to motion for extension of time to move for reconsideration under Fed. R.Civ.P. 59(e)). Accordingly, the district court's unauthorized extension of the time to make a Rule 59(a) motion did not extend Book's time to appeal, *see, e.g., Rodick,* 1 F.3d at 1346, and the court's mistaken view of its authority does not excuse the late filing of the notice of appeal, *see, e.g., Mendes Junior International Co. v. Banco Do Brasil, S.A.,* 215 F.3d 306, 315 (2d Cir.2000). "In the absence of exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests." *Endicott Johnson Corp. v. Liberty Mutual Insurance Co.,* 116 F.3d 53, 57 (2d Cir.1997); *see also Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Rodick,* 1 F.3d at 1347. No exceptional circumstances have been shown here. Accordingly, Book's August 10 motion did not extend her August 24 appeal deadline.

Following our inquiry into the timeliness of this appeal at oral argument, the parties submitted letter briefs on the question of appellate jurisdiction, and Book's attorney Arthur J. Siegel stated that he recalled making an oral motion for a new trial immediately after verdict. (*See* letter from Arthur J. Siegel to this Court dated May 8, 2001, at 1.) However, the trial transcript contains no mention of such a motion; Siegel's letter states that "a transcript has not been made of the proceedings immediately after verdict" (*id.*); and apparently no steps were taken to have a transcript made. Finding no support in the record as to the accuracy of Siegel's recollection, and having no way to assess the sufficiency of whatever postverdict statement he made, we cannot conclude that there was a timely oral new-trial motion that extended the time to appeal. Accordingly, the present appeal is untimely, and we therefore lack jurisdiction to entertain it, *see Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

In any event, if we had jurisdiction to hear Book's appeal, we would conclude that it is without merit. Contrary to Book's contention, New York law does not require a jury to make an award for pain and suffering whenever it awards medical expenses. *See generally Ordway v. Columbia County Agricultural Society,* 273 A.D.2d 635, 636–37, 709 N.Y.S.2d 691, 693–94 (3d Dep't 2000) ("The amount of damages to be awarded for pain and suffering is primarily a question of fact and considerable deference should be accorded to the interpretation of the evidence by the jury," and the jury's verdict should not be disturbed unless it "could not have been reached on any fair interpretation of the evidence"). To the extent that Book argues that the jury's determination that she should not receive damages for pain and suffering was against the weight of the evidence, her contentions are not reviewable. *See, e.g., Robinson v. Cattaraugus County,* 147 F.3d 153, 160 (2d Cir.1998); *Dailey v. Societe Generale,* 108 F.3d 451, 458 (2d Cir .1997); *Haywood v. Koehler,* 78 F.3d 101, 104 (2d Cir.1996); *Stonewall Insurance Co. v. Asbestos Claims Management Corp.,* 73 F.3d 1178, 1199 (2d

Cir.1995), *modified on other grounds,* 85 F.3d 49 (2d Cir.1996).

To the extent that Book argues instead that as a matter of law the jury was required to award her such damages because no testimony contradicted hers, her contention is meritless. The trier of fact need not accept a given witness's testimony even if it is uncontradicted, *see, e.g., Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627–28, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Woodling v. Garrett Corp.,* 813 F.2d 543, 558 (2d Cir.1987); the trier is free to believe part, and to disbelieve part, of any given witness's testimony, *see, e.g., United States v. Gleason,* 616 F.2d 2, 15 (2d Cir.1979) (jury entitled to believe a witness "in whole or in part"), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980).

■ In the present case, there was an ample evidentiary basis for the jury's refusal to award Book pain-and-suffering damages for her wrist fracture. First, the testimony of Book's own doctor, Thomas F. Breen, was somewhat equivocal as to what pain she might suffer. Dr. Breen testified that Book "has complained of some aches and pains in her wrist" (Transcript of Breen deposition ("Breen Dep.") at 19 (videotaped version played at trial on July 7, 2000)); that it would be "hard to say whether or not those would leave her" (*id.* at 20 (they "may" be "permanent[ ]")); that it was "impossible to say" whether the fracture would eventually cause the wrist to have arthritis pain (*id.* at 25); and that "[s]he may notice aches and pains as force comes up through the bicycle through the wrist, which it usually does when you're riding a bike normally" (*id.* at 24). Moreover, Book, a championship-level bicycle racer, testified, *inter alia,* that she had consulted with Dr. Breen the day after the accident, and on the day after that consultation, she had resumed, indoors, her training riding; that one week later she

entered a national competition; and that she finished second in one of the events in that competition. Book also testified that she entered another national competition some four months after breaking her wrist and won an event; and beginning some four months after that, she "rode in events wherever they were" (Trial Transcript, July 6, 2000, at 91). It would hardly have been irrational for the jury to find that, given her immediate and effective return to training and racing, any pain suffered by Book was negligible.

Further, Dr. Breen testified that "although in their one-day consultation Book had expressed her eagerness to resume training and racing immediately, he had discussed with her "the need to give [her] injury some time to heal" (Breen Dep. at 31). He had advised her "that involving herself in some competitive biking activity for some period of time after this injury presented a risk to her," *i .e.,* "a risk that the injury might not heal as efficiently or properly as opposed to if she did not place the wrist under a stressful situation." (*Id.* at 32.) Given that advice and Book's disregard of it as she resumed training the very next day and resumed racing the following week, the jury could easily have concluded that such pain as Book suffered or might thereafter suffer was the result of her own conduct in prematurely returning to racing. This plainly is not a case such as *Atkins v. New York City,* 143 F.3d 100 (2d Cir.1998), in which a jury's denial of damages was overturned because a defendant had been found to have used excessive force against the plaintiff and there was no other possible cause of the plaintiff's obvious injuries.

For the same reasons, we would reject Book's contention that the trial court abused its discretion in refusing to grant her motion for a new trial, if the appeal were timely and if the notice of appeal, which states that Book appeals "from only

44

that portion of the civil judgment after jury verdict ... which awarded no damages to plaintiff for past and future pain and suffering," were deemed to extend as well to the order denying Book's Rule 59 motion, *but see Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 256 (2d Cir.1995) (where notice of appeal refers exclusively to a specific order or to a discrete portion of a judgment, we do not infer an intent to appeal an unmentioned order or portion of the judgment).

We have considered all of Book's contentions that are properly before us and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.