Mazzei v. Money Store

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
RALPH K. WINTER,
DENNIS JACOBS,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
JOSEPH MAZZEI, on behalf of himself
and all others similarly situated,
        Plaintiff-Appellant,

        -v.-                                          15-2054

THE MONEY STORE, TMS MORTGAGE, INC.,
HOMEQ SERVICING CORP.,
        Defendants-Appellees.[*]
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

**FOR PLAINTIFF-APPELLANT:** PAUL S. GROBMAN (Neal DeYoung, Sharma & DeYoung, on the brief), New York, New York.

**FOR DEFENDANTS-APPELLEES:** DANIEL A. POLLACK (Edward T. McDermott, Anthony Zaccaria, Minji Kim, on the brief), McCarter & English, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Joseph Mazzei appeals from the judgment of the United States District Court for the Southern District of New York (Koeltl, J.) and two post-trial rulings. At trial, Mazzei sought to prove two breach-of-contract theories on behalf of himself and two nationwide classes. The jury found in favor of defendants and against Mazzei and the "Fee-Splitting Class" as to the "fee-splitting claim," and in favor of Mazzei and the "Late Fee Class" as to the "late fee claim." Subsequently, the district court (1) denied Mazzei's motion for a new trial on the fee-splitting claim and (2) granted defendants-appellees' post-trial motion to decertify the Late Fee Class.

In the accompanying opinion, we affirm the grant of defendants' motion for decertification of the Late Fee Class. In this summary order, we affirm the denial of Mazzei's motion for a new trial, and the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Mazzei's principal argument in support of his motion for a new trial was that the district court had abused discretion in declining to grant an adverse inference instruction on the fee-splitting claim. The court did not abuse discretion in refusing to impose additional sanctions in the form of an adverse inference instruction, and it did not abuse discretion in denying the Rule 59 motion made on the same premise.

2

The New Invoice System was a web-based, electronic billing database owned by Fidelity National Foreclosure Solutions ("Fidelity"), a nonlawyer entity to which defendants outsourced certain legal services. Fidelity and vendors, including law firms, used the New Invoice System to submit invoices to defendants. The data in that system (records of the invoices from Fidelity and vendors) were not maintained in their original, accessible form. Affirming the magistrate judge, the district court ruled that, although the database was in the possession of Fidelity (and its successor) rather than defendants, defendants had the legal and practical ability to obtain access, and should have caused the data to be preserved in the previously accessible form. The district court affirmed the limited sanctions awarded by the magistrate judge: the costs of determining the current accessibility of the data, and attorney's fees and costs for the sanctions motion.

The district court declined to grant additional relief in the form of an adverse inference charge because the court found that the New Invoice System contained only "tangential information" as to the fee-splitting claim: It did not record payment of invoices by defendants, it did not record fees that were charged to members of the class, and it did not contain bills by Fidelity to law firms or payments by law firms to Fidelity. Mazzei v. Money Store, 308 F.R.D. 92, 102 (S.D.N.Y. 2015). It also found that Mazzei failed to diligently seek discovery of fee-splitting evidence from other obvious sources--sources more likely to evidence what payments were exchanged between Fidelity and the law firms. These findings were not clearly erroneous and supported denial of the motion for an adverse inference. See Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 162 (2d Cir. 2012) ("[A] district court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve the threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107 (2d Cir. 2001)) (brackets omitted)), superseded in part by Fed. R. Civ. P. 37(e) (2015).

Under the current Rule 37(e)(2), which took effect after the post-trial motions were decided, an adverse inference instruction may be given for failure to preserve electronically stored information "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2)(B). The district court specifically found that defendants did not act with such intent.

As the district court further explained: "[A]ny additional evidence from the New Invoice System would not have made any difference in this trial. The plaintiff obtained the records from the New Invoice System relating to Mazzei and introduced them at trial. . . . Even with the evidence from the New Invoice System, Mazzei could not prove his individual claim. There is thus no basis to believe that evidence from the New Invoice System would have proved any claim with respect to the class." Mazzei, 308 F.R.D. at 100. "Absent a showing of prejudice [resulting from the missing evidence], the jury's verdict should not be disturbed." Chin, 685 F.3d at 162 (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 112 (2d Cir. 2002)) (brackets omitted).

Mazzei's remaining arguments are unpersuasive. Defendants' questions and argument at trial regarding the lack of evidence that Fidelity made payments to law firms or lawyers did not violate the district court's pretrial orders. The court's refusal to admit into evidence the Buechner Affidavit was not an abuse of discretion: Mazzei has never articulated the relevance of the information (aside from making spoliation arguments); and Mazzei still does not explain how the information contained in the affidavit likely would have affected the jury's verdict. Furthermore, Mazzei failed to articulate in the district court a hearsay exception or exclusion pursuant to which admission of the affidavit would have been proper. Finally, denial of a motion for a new trial on weight-of-the-evidence grounds is not subject to appellate review. Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp., 73 F.3d 1178, 1199 (2d Cir. 1995), modified on other grounds, 85 F.3d 49 (2d Cir. 1996).

4

We have considered Mazzei's remaining arguments and find them to be without merit.  For the reasons stated herein and in the accompanying opinion, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK